IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED
SEP 18 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

SUSAN KUROWSKI,

          Plaintiff,

v.                        CIVIL ACTION NO.: 4:12cv137

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,[1]

          Defendant.

## *MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on Plaintiff Susan Kurowski's objections to the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the Magistrate Judge's Report and Recommendation is **ADOPTED**, Defendant's motion for summary judgment is **GRANTED**, Plaintiff's motion for summary judgment is **DENIED**, and the decision of Defendant, the Commissioner of the Social Security Administration ("Commissioner") to deny Social Security Act ("the Act") disability insurance benefits ("DIB") is **AFFIRMED**.

### I. FACTUAL AND PROCEDURAL HISTORY

After Defendant's initial denial of her claim for Social Security disability benefits, Plaintiff requested an administrative hearing. The Administrative Law Judge ("ALJ") denied her claim on February 11, 2011, and the Appeals Council denied Plaintiff's request to review the

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted for Michael J. Astrue as the Defendant in this suit.

1

decision on June 20, 2012.[2] R. 1-5. Plaintiff brought this action under 42 U.S.C. § 405(g) seeking judicial review of the decision. By order filed October 12, 2012, this action was referred to United States Magistrate Judge Douglas E. Miller ("Magistrate Judge") to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for the disposition of this matter. 28 U.S.C. § 636(b). On November 15, 2012, and December 12, 2012, respectively, Plaintiff and Defendant filed cross-motions for summary judgment. On May 1, 2013, the Magistrate Judge filed his Report and Recommendation ("R&R"), in which he recommended that the decision of the Commissioner be affirmed because it was supported by substantial evidence. On May 10, 2012, Plaintiff filed objections to the Report. On May 24, 2012, Defendant filed its Response.

## II. STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The "de novo" requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the Magistrate Judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). In other words, "'the court should make an independent determination of the issues' and should 'not . . . give any special weight to the [prior] determination'" of the Magistrate Judge. *Id.* at 690 (quoting *United States v. First City Nat'l Bank*, 386 U.S. 361, 368 (1967)) (alterations in original). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

---

[2] Following the decision of the Appeals Council, Plaintiff again applied for benefits, and Defendant found her disabled as of February 12, 2011, the day after the ALJ decision. Addendum to Pl. Summ. J. Mot.

2

A district court reviewing an administrative decision under the Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (internal quotation and citations omitted) (alteration in original). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (citing 42 U.S.C. § 405(g)).

## III. DISCUSSION

Plaintiff has asserted one principal objection to the R&R. She contends that it should not be adopted because it failed to consider whether Plaintiff's fibromyalgia results in non-exertional limitations in light of a Social Security Ruling, SSR 12-2p, promulgated and effective on July 25, 2012, after the Appeals Council's decision in this case. 2012 WL 3104869. The stated purpose of SSR 12-2p is to "provide guidance" on how the Commissioner "develop[s] evidence to establish that a person has a medically determinable impairment (MDI) of fibromyalgia (FM), and how [the Commissioner] evaluate[s] FM in disability claims . . . ." *Id.* at *1. Social Security Rulings "do not have the force of law o[f] properly promulgated notice and comment regulations," but they are binding on the agency itself. *Lauer v. Apfel*, 169 F.3d 489, 492 (7th Cir. 1999) (citing 20 C.F.R. § 402.35).

As a preliminary matter, Plaintiff asserts that SSR 12-2p "applies" in her case, even though its effective date of July 25, 2012 came after the June 20, 2012 decision of the Appeals Council. Pl. R&R Objections 1-2. She contends that the ruling is nonetheless applicable in her case because it became effective prior to the deadline for filing for judicial review. 42 U.S.C. §405(g) (setting forth 60-day filing deadline). But she cites no authority for that proposition, and the period for filing for judicial review is generally considered to commence on the day the decision becomes final. *See Califano v. Sanders*, 430 U.S. 99, 108 (1977) (42 U.S.C. §405(g) "impose[s] a 60-day limitation upon judicial review of the [Commissioner's] final decision"); *Garrett ex rel. Moore v. Barnhart*, 366 F.3d 643, 647 (8th Cir. 2004) (Commissioner's decision "became final" on the day the Appeals Council declined review). Moreover, several district courts in this Circuit have refused to consider an SSR promulgated after the agency's final decision. *See Brown v. Astrue*, No. 08-2760, 2010 WL 5391467, at *6 (D. Md. Dec. 22, 2010); *Oxedine v. Massanari*, 181 F. Supp. 2d 570, 574 (E.D.N.C. 2001) ("[B]ecause the plaintiff's administrative decision had become 'final' before the . . . effective date of [the] SSR . . ., that Ruling is not required to be applied here."). Although the Defendant does not discuss or dispute the applicability of SSR 12-2p in this case, the Court finds that Plaintiff is not entitled to rely on SSR 12-2p through its retroactive application.

But even if SSR 12-2p did apply here, Plaintiff would not be entitled to relief. She contends that "the R&R did not address the impact of SSR 12-2p upon the non-exertional limitations resulting from fibromyalgia." Pl. R&R Objections 5. "Exertional" limitations are those that "affect [a claimant's] ability to meet the strength demands of jobs." 20 C.F.R. § 404.1569a(a). "Nonexertional" or "functional" limitations are those "which affect [a claimant's] ability to meet the demands of jobs other than the strength demands," such as concentration,

vision, or memory. *Id.* Plaintiff's objection to the ALJ's weighing of any nonexertional limitations is primarily relevant for the fourth step of the sequential analysis that the Commissioner follows in making a disability determination. 20 C.F.R. § 404.1520. At that step, the Commissioner asks whether a claimant can perform past relevant work despite any impairment. *Id.* § 404.1520(a)(4)(iv). If the answer is yes, then a claimant is not considered disabled.

In Plaintiff's case, the ALJ concluded after reviewing the medical evidence in the record that Plaintiff had the "residual functional capacity ["RFC"] to perform the full range of light work" described in 20 C.F.R. § 404.1567(b) as being able to lift up to 20 pounds at a time and frequently carrying up to 10 pounds. R. 18. Therefore, the ALJ concluded, Plaintiff could perform her past work as a medical receptionist, a job classified as sedentary (an exertional level less than light work). R. 18. The conclusion that Plaintiff could perform the "full range" of light work effectively means that the ALJ found that Plaintiff's RFC "was not reduced by any nonexertional factors." *Aistrop v. Barnhart*, 36 F. App'x 145, 147 (4th Cir. 2002) ("A non-exertional limitation is one that places limitations on functioning or restricts an individual from performing a full range of work in a particular category."). Plaintiff says that if the ALJ had "properly weighed" Plaintiff's non-exertional limitations, the ALJ would have found Plaintiff was limited to only simple and routine tasks, precluding even her past "sedentary" work as a medical receptionist. Defendant responds that the ALJ's conclusion to the contrary was supported by substantial evidence.

Turning to the impact of SSR 12-2p on the ALJ's decision, the Court disagrees with Plaintiff that it mandates a finding that a claimant with a severe impairment of fibromyalgia automatically has non-exertional limitations preventing them from performing a full range of

light work. Although the ruling acknowledges that fibromyalgia is a condition "characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues," it notes that "[a]s with any claim for disability benefits . . . we must ensure that there is sufficient objective evidence to support a finding that the person's impairment(s) so limits the person's functional abilities that it precludes him or her from performing any substantial gainful activity." 2012 WL 3104869, at *2. And the ruling explicitly contemplates that claimants with a severe impairment of fibromyalgia may or may not succeed at the fourth step of the Commissioner's analysis, and may or may not have nonexertional limitations. It explains that at that step "we use our RFC assessment to determine whether the person is capable of doing any past relevant work . . . . If the person is able to do any past relevant work, we find that he or she is not disabled." *Id.* at *6. It continues: "People with [fibromyalgia] *may* also have nonexertional physical or mental limitations because of their pain or other symptoms." *Id.* (emphasis added).

In sum, the ruling requires the Commissioner to undergo the normal sequential analysis that it would for any disability and weigh whether any nonextertional symptoms would preclude a claimant from performing a given range of work. In this case, it is clear that the ALJ considered information in the record that might lead to nonexertional limitations. For example, the ALJ noted that "while the claimant may well experience some joint discomfort, weakness, somnolence, and fatigue, her subjective complaints are disproportionate to the medical evidence of her clinical presentation." R. 16. Plaintiff's treating clinicians "identif[ied] no evidence of significantly limited range of motion of the joints, sensory impairment, motor weakness, significant gait disturbance, edema, or other clinical abnormality." *Id.* One examiner, to whom the ALJ gave "significant weight," "acknowledged that most of [Plaintiff's] complaints were

purely subjective in light of the normal examination, and he found no functional limitations to work." *Id.* at 17.

The ALJ's conclusion that Plaintiff could perform the full range of light work despite any nonexertional symptoms is supported by substantial evidence. A primary care physician, Dr. McCracken, and a pain management specialist, Dr. Hansen, both opined that Plaintiff was unable to perform any consistent gainful employment based on her fatigue, pain, and other symptoms. R. 582, 600. In her Objections, Plaintiff relies primarily on the opinions of these two practitioners. Pl. R&R Objections 2-3. But other physicians who examined Plaintiff found that neither her mental nor her physical condition prevented her from working. R. 298, 302. The ALJ ultimately accorded little weight to McCracken and Hansen because it found that their opinions were based almost entirely on Plaintiff's own subjective complaints. R. 17. The ALJ's decision in this case to reject the conclusions of some examiners and accord weight to others is not enough to support a finding that its conclusion was not supported by substantial evidence. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (quotation omitted).

Plaintiff also references the fact that Defendant has since found her disabled since the ruling challenged here. *See supra*, note 2. But Plaintiff cites no authority for the proposition that a later finding of disability necessarily means that an earlier one was incorrect. The differing conclusions could instead be explained by a worsening of a claimant's condition, or by a number of other reasons.

## IV. CONCLUSION

This Court has independently reviewed the record in this case and the objections to the Report. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed May 1, 2013. The Final Decision of the Commissioner is **AFFIRMED**. Judgment is hereby entered in favor of the Commissioner.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
September 18, 2013